UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-23035-GRAHAM/GOODMAN

BOY RACER, INC.,

      Plaintiff,

v.

JOHN DOES 1-34,

      Defendants.
_____/

## POST-HEARING BRIEFING ORDER RE: STANDING

Plaintiff filed this lawsuit against 34 "John Doe" defendants. Plaintiff alleges that the Does violated federal copyright laws by unlawfully downloading an adult video using the BitTorrent file sharing protocol. Plaintiff concedes that its goal is to obtain discovery from internet service providers about individual internet account holders and then to contact the account holders to obtain additional information about whether the account holder is the person who allegedly downloaded the adult video.

Plaintiff conceded at an April 2, 2012 hearing that the account holder may not be the violator – and should therefore not necessarily ever be a named defendant – because another person, other than the internet service account holder, may have downloaded the video. For example, the account holder's spouse, child, friend, roommate or guest may have used a computer in the home to download unlawfully the purportedly protected adult video. Similarly, if the internet service account is associated with a wireless network and the network is not password protected or encrypted, then anyone with a wireless-enabled

device who is within the network's range may have been the one who unlawfully downloaded the video.

Three "John Does" filed motions challenging subpoenas issued to internet service providers. Specifically, John Does 8 and 32, and another John Doe whose IP address is 66.229.114.127 filed the motions. [ECF 13, 14 and 26]. After the Court scheduled the April 2, 2012 hearing on the motions, but before the Court held the hearing, Plaintiff voluntarily dismissed, without prejudice, the John Doe Defendant associated with the specific IP address listed above. [ECF 48]. At the hearing, Plaintiff explained that it dropped this particular John Doe defendant because it had already filed a new lawsuit against only him.[1] Therefore, the John Doe defendant named in the new case is no longer a party in the instant case.

In response to the three motions challenging the subpoenas, Plaintiff argued that the movants are seeking relief in the wrong court because the subpoenas were actually issued by a federal district court in *Illinois*. Therefore, Plaintiff contends that, pursuant to Federal Rule of Civil Procedure 45, the movants cannot challenge the subpoenas here and must seek relief with the Illinois federal district court.

Plaintiff also argues that movants lack standing because the subpoenas were issued to the ISPs, not to the movants, and the ISPs did not object or file a motion challenging the subpoenas.

---

[1] Plaintiff advised that the separate lawsuit is designated as case number 12-21099-CIV-DLG and, fortuitously, the Clerk also assigned the case to United States District Judge Donald L. Graham.

However, the two remaining movants sought two types of relief concerning the subpoenas: an order quashing the subpoenas *and* a protective order, pursuant to Federal Rule of Civil Procedure 26(c).

Rule 26(c) provides, in pertinent part, that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."

Although movants seek a protective order, neither Plaintiff nor movants briefed the following potentially dispositive question: if a district court, other than the district court in which a case was filed and is still pending, issues a subpoena, then can non-parties to the case or the subpoena, such as the John Doe movants, obtain a **protective order** under Rule 26 from the district court where the case was filed and is still pending?[2]

---

[2] Movants have not been specifically identified and Plaintiff has not yet named them as individual defendants. Nevertheless, regardless of whether movants are the ones who allegedly violated Plaintiff's intellectual property rights by unlawfully downloading the adult video, it is *movants'* information which is at issue in the subpoenas.

Therefore, Plaintiff and the two remaining movants shall submit a memorandum of law on this issue, not to exceed **three** pages (excluding the signature block and the certificate of service), by **April 11, 2012**.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 4th day of April, 2012.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham

All counsel of record