UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO 11-23035 GRAHAM/GOODMAN

BOY RACER, INC., a foreign corporation

    Plaintiff,

v.

JOHN DOES 1-34,

    Defendants.

_____/

## DOE 32'S RESPONSE TO POST-HEARING BRIEFING ORDER [D.E. 51]

John Doe #32 responds to the Court's Order for Post-Hearing Briefing [D.E. 51].

### SHORT ANSWER

This Court has the power to grant Doe 32's Motion for Protective Order and fashion the protective order pursuant to Rule 26(c). *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). A motion for protective order may be made in the court in which the action is pending. 8A Charles Alan Wright & Arthur Miller, *Fed. Prac. & Proc. Civ.* § 2035 (3d ed.). *See also Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431 (M.D.N.C. 2001) (In specifically addressing Rule 26(c) and Rule 45, the Court stated it has the **right and responsibility** to control the broad outline of discovery) (emphasis added). The Court retains authority to control the discovery it authorized in its Order granting early discovery. [D.E. 6].

### MEMORANDUM OF LAW

This Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *see also Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Further, Rule 26(c) gives the district court discretionary power to fashion an appropriate protective order. *Farnsworth*, 758 F.2d at 1548. Plaintiff's admissions that the requested discovery will not necessarily lead to the identification of an actual defendant, coupled with the fact that only 1 of almost 16,000 Does has ever been named as a defendant, strongly support the request for a protective order.

Courts addressing the interplay of Rule 45 and Rule 26(c) have repeatedly confirmed the overarching authority provided in Rule 26(c) to supervise the discovery process in a case to be tried before the Court. *See e.g. Straily v. UBS Financial Servs., Inc.*, 2008 WL 5378148

(D. Colo. Dec. 23, 2008) (issuing protective order to prevent compliance with subpoena issued from the S.D.N.Y.); *Best Western Intern., Inc. v. Doe* 2006 WL 2091695 at *2 (D. Ariz. July 25, 2006) (denying request for expedited discovery to determine the Doe's identities). In *Best Western*, the court stated:

> Rule 45(c) does provide that subpoenas should be enforced by the district court which issued them, but this rule "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.2001). General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued. Courts have also recognized that a party's " 'discovery rights [in other districts] can rise no higher than their level in the district of trial.' " *Id*. (quoting *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)).

*Id.* The subpoenas at issue in this case only exist because this Court authorized early discovery pursuant to Rule 26. The Court has the discretion to modify the discovery granted to protect the Doe Defendants. The subpoenas should not be viewed in isolation, but rather are properly considered as a discovery method authorized under the auspices of Rule 26. The Court is authorized to supervise the subpoenas at issue in this case based on its broad discretion to control discovery in this case. *Id.*

Moreover, the Plaintiff's arguments at the hearing specifically contradict the assertions made in its Motion for Expedited Discovery as Plaintiff retreated from the position that the subpoenas would lead to the naming of actual defendants. [*See* D.E. 4.] The Court should not sanction the practice of making "pejorative allegations" against a party, or potential party, and then embarking upon a fishing expedition in the hopes of finding evidence assert a potential claim. *Jackson v. BellSouth Telecomm., Inc.*, 2002 WL 34382751 at *6 (S.D. Fla. June 4, 2002). As the Court learned at the April 2, 2012 hearing, Plaintiff's business model is to insert salacious allegations into its pleadings to obtain discovery that enables it to proceed with a settlement campaign instead of continuing the lawsuit. Plaintiff's counsel has now acknowledged both here and in *Hard Drive Productions, Inc. v. Does* 1-90, N.D. Cal. Case no. C11-03825 HRL (D.E. 18 March 30, 2012), that the subpoena to the ISP may or may not lead to the identification of any actual infringer. Exh. '1'. In the *Hard Drive Productions* order, after the court found that the subpoena is but the first of seven steps potentially required to identify a defendant, it denied the

motion for expedited discovery in part because of the apparent misuse of the court to "pursue an extrajudicial business plan . . . that focuses on extracting 'settlement' payments.

We are aware of two cases in this district that did address whether a Rule 26(c) protective order can be used to prevent compliance with a subpoena issued from another district court; both of which are distinguishable from the case at bar. In *Chick-Fil-A v. Exxonmobil Corp.*, 2009 WL 2242392 at *1 n.2 (S.D. Fla. July 24, 2009) the court denied a motion for protective order that sought to quash a deposition subpoena issued from the Northern District of Georgia even though the case was pending in this district. *Chick-Fil-A* was not a copyright case and the subpoena was served on a specific person who was a fact witness. *AF Holdings, LLC v. Does 1-162*, 2012 WL 488217 (S.D. Fla. Feb. 14, 2012) relied on *Chick-Fil-A* as authority to deny a motion for protective order. However, upon closer examination, the court in *AF Holdings* had nothing like the Prenda Declaration in this case before it, nor did it have the benefit of oral argument before it issued its order. In contrast, this Court has had the opportunity to both review the Prenda Declaration that lists 118 cases in which anonymous defendants have yet to be named, and inquire for itself about the truth of Plaintiff's assertions that supported the request for expedited discovery made to this Court. Furthermore, Plaintiff already conceded that the subpoenas at issue here may not lead to the naming of an actual defendant. Plaintiff's counsel's concession strongly suggests that the intent is to simply use this Court to obtain subscriber information in order to further its goal of obtaining a "settlement." Therefore, this Court should not follow these two cases because it has already had access to more information regarding the type of case Plaintiff and its counsel filed.

In this case, the subpoenas exist only because this Court permitted early discovery to occur. Rule 26 permits the Court to issue protective orders when deemed appropriate. Rule 45 does not alter the concept that this Court has the right and responsibility to control discovery in its cases. Thus, the Court should find that a Rule 26(c) protective order is both appropriate and warranted in this instance.

GM 8889248v5

Dated: April 11, 2012            Respectfully submitted,

By: /s/ A. J. Yolofsky_____
Joseph A. Yolofsky
Florida Bar No. 911321
aj.yolofsky@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd.
Suite 1500
Fort Lauderdale, Florida 33301
(954)527-2477; (954)333-4077
Attorneys for Defendant, Doe #32

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on April 11, 2012 we electronically filed a true and correct copy of the foregoing Response to the Court's Order for Post-Hearing Briefing with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ A. J. Yolofsky_____
Joseph A. Yolofsky
Florida Bar No. 911321
aj.yolofsky@gmlaw.com
GREENSPOON MARDER, P.A.
200 E. Broward Blvd., 15th Floor
Fort Lauderdale, Florida 33301
(954)527-2477; (954)333-4077
Attorneys for Defendant Doe 32

4

GM 8889248v5