UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-23035–GRAHAM/GOODMAN

BOY RACER INC.,

    Plaintiff,

v.

DOES 1 – 34,

    Defendants.

_____/

PLAINTIFF'S MEMORANDUM OF LAW
IN RESPONSE TO POST-HEARING
BRIEFING ORDER

## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE POST-HEARING BRIEFING ORDER

On April 4, 2012, the Court ordered briefing on the following question: "if a district court, other than the district court in which a case was filed and is still pending, issues a subpoena, then can non-parties to the case or the subpoena, such as the John Doe movants, obtain a protective order under Rule 26[1] from the district court where the case was filed and is still pending?" (Post-Hearing Briefing Order at 3, ECF No. 51, hereinafter "April 4 Order".) Plaintiff respectfully submits this memorandum in response.

### DISCUSSION

Rule 26(c) permits a party to an action or any person from whom *discovery is sought* to move for a protective order. Fed. R. Civ. P. 26(c). The plain language of the rule limits its application to parties and persons from whom discovery is sought. *Id.* In other words, Rule 26(c) was not drafted to allow any member of society—irrespective of their lack of affiliation to a case—to move for a protective order.

---

[1] "Rule 26(c) provides, in pertinent part, that "[a] party or any person from whom *discovery is sought* may move for a protective order in court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." (April 4 Order at 3.)

1

The limitation of Rule 26(c) to parties and persons from whom discovery is sought is consistent with the "overriding purpose of a protective order," which is "to facilitate the communication of information between litigants." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 911 (E.D. Pa. 1981); *see also Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2nd Cir. 1979) ("[T]he vital function of a protective order issued under Rule 26(c) … is to secure the just, speedy and inexpensive determination of civil disputes … by encouraging full disclosure of all evidence that might conceivably be relevant.") (internal citations omitted).

Rule 26(c) exists to encourage subjects of discovery to fully comply with the liberal discovery devices available in federal civil actions. Fed. R. Civ. P. 26(b)(1). Absent the availability of a protective order, subjects of discovery—whether they are parties to a case or persons from whom discovery is sought—may be reluctant to make complete disclosures. Protective orders shelter deponents from the negative externalities that can be associated with responding to discovery. Fed. R. Civ. P. 26(c).

The structure and overriding purpose of Rule 26(c) both demonstrate that the anonymous movants have no colorable basis for requesting—much less obtaining—a protective order from any court in this action. First, the anonymous movants are neither parties to the action nor persons from whom discovery is sought. Right away, the anonymous movants fall outside the structure of Rule 26(c). Second, any granting of a protective order with respect to the anonymous movants would do nothing to encourage either Plaintiff or the subpoenaed Internet Service Providers to participate more fully in the discovery process. Allowing the anonymous movants to move for a protective order would not further the overriding purpose of Rule 26(c).

Finally, it is not clear on what basis the anonymous movants could even move for a protective order. The anonymous movants are not subject to Plaintiff's subpoenas and therefore could not possibly face any "annoyance, embarrassment, oppression, or undue burden or expense" from Plaintiff's discovery request. Fed. R. Civ. P. 26(c)(1). The anonymous movants can hardly claim a right of privacy in the identifying information they already provided to their third-party Internet Service Providers. A mere desire to withhold identifying information from a plaintiff in order to avoid liability does not qualify as "annoyance, embarrassment, oppression or undue burden or expense." Although the anonymous movants may simply be account holders, there is no way for Plaintiff or the Court to make that determination before knowing who they are. All that Plaintiff is requesting at this early juncture is the identifying information of individuals associated with the Internet accounts used to infringe on Plaintiff's works.

If the anonymous movants wish to prohibit the release of their identifying information they must follow proper procedures for doing so. There are several avenues available to the anonymous movants, but none of them include moving for a protective order.

Respectfully submitted,

Boy Racer Inc.

DATED: April 11, 2012

By:   /s/ Joseph Perea
      Joseph Perea (Bar No. 47782)
      Prenda Law Inc.
      1111 Lincoln Road, Suite 400
      Miami Beach, FL 33139
      Tel: 305-748-2102
      Fax: 305-748-2103
      E-mail: joperea@wefightpiracy.com
      *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 11, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

        /s/ Joseph Perea
        JOSEPH PEREA