UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-23035-GRAHAM/GOODMAN

BOY RACER, INC.,

    Plaintiff,

v.

JOHN DOES 1-34,

    Defendants.
_____/

## ORDER ON AMENDED MOTION TO QUASH

## THIRD PARTY SUBPOENA OR FOR ENTRY OF PROTECTIVE ORDER

This matter is before the Court by Order of Reference from the District Court of John Doe #32's Amended Motion to Quash Third Party Subpoena or for the Entry of a Protective Order. [ECF Nos. 26; 29]. For the reasons below, the Undersigned **DENIES** the motion.

I. **INTRODUCTION**

    a. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this lawsuit against 34 "John Doe" defendants. Plaintiff alleges that the Does violated federal copyright laws by downloading and distributing an adult video, "Fuckabilly," using the BitTorrent file sharing protocol. Plaintiff has not named or served any of the Does yet, but Plaintiff moved for and received an order allowing early discovery. Plaintiff subsequently issued and served Rule 45 records subpoenas from an Illinois federal district court on the Doe's internet service providers (ISPs). The subpoenas request that the ISPs

identify the account holders of the internet protocol (IP) addresses involved in the illegal downloads. Upon receipt of the subpoenas, certain ISPs notified the holders of the accounts listed in the subpoenas.

Counsel for three individuals claiming to be account holders subsequently filed motions challenging the subpoenas. The first movant, filing under the name John Doe #32, filed an Amended Motion to Quash Third Party Subpoena or for the Entry of a Protective Order. [ECF No. 26]. The second movant, filing under the name John Doe #8, filed a Motion to Quash, Motion for Protective Order, Motion to be Severed from the Case, and Motion to Dismiss. [ECF No. 13]. The third movant, filing as "John Doe (IP Address 66.229.114.127)," filed a Motion to Dismiss/Sever and for a Protective Order and/or to Quash Subpoena. [ECF No. 14]. The District Court referred all three motions to the Undersigned, who held a hearing on the motions on April 2, 2012. [ECF Nos. 29; 34; 49].

Plaintiff explained during the hearing that it does not know the actual names of the John Doe Defendants. Instead, Plaintiff has so far only been able to identify the IP addresses the Does used to download and to distribute the adult film. Plaintiff contends that, once it learns the identity of the account holders, it will contact the account holders to investigate whether they or some other individuals used the IP addresses to violate Plaintiff's copyright by downloading the adult film.

To that end, Plaintiff conceded at the hearing that the account holders may not be the violators -- and should therefore not necessarily *ever* be named defendants -- because persons other than the account holders may have

downloaded the video while using the account holders' IP addresses. For example, an account holder's spouse, child, friend, roommate or guest may have used a computer in the home to download the purportedly protected adult video. Similarly, if the internet service account is associated with a wireless network and the network is not password protected or encrypted, then *anyone* with a wireless-enabled device who is within the network's range may have been the one who unlawfully downloaded the video.

### b. THE ARGUMENTS

In response to the motions challenging the subpoenas, Plaintiff made two arguments. First, Plaintiff argued that the movants are seeking relief in the wrong court. Plaintiff issued the subpoenas from a federal district court in Illinois. Therefore, Plaintiff contended, Federal Rule of Civil Procedure 45 does not authorize this Court to quash the subpoenas and instead requires movants to pursue their motion with the Illinois court. Second, Plaintiff argued that movants lack standing to challenge the subpoenas because the subpoenas were issued to the ISPs, not to the movants, and the ISPs did not object or file a motion challenging the subpoenas.

The movants did not directly address Plaintiff's Rule 45 argument. Instead, movants argued that the Court should quash the subpoenas because Plaintiff obtained the subpoenas from the Illinois court in bad faith to divest this Court of jurisdiction and to make it more difficult for the movants to challenge the subpoenas. Movants also argued that they are entitled to a protective order because: (a) the subpoenas request personal and confidential information

belonging to movants, not to the ISPs; and (b) Plaintiff issued the subpoenas for an unreasonable purpose -- to extort a quick settlement from movants by pressuring them to pay Plaintiff in order to avoid the shame of being named in a lawsuit involving an adult film.[1]

## II. DISCUSSION

### a. FEDERAL RULES OF CIVIL PROCEDURE

There are two procedural rules applicable to Doe #32's motion.

First, Federal Rule of Civil Procedure 45(c) provides, in pertinent part, as follows:

> 3) Quashing or Modifying a Subpoena.
>
> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
> . . .
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Rule 45(c)(3)(B)(i) also states that a court "may" quash or modify a subpoena if, for example, it requires "disclosing a trade secret or other confidential research, development or commercial information."

---

[1] The District Court referred a total of three motions [ECF Nos. 13; 14; 15] to the Undersigned, but this order only addresses [ECF No. 26] John Doe #32's amended motion. This is because the other two motions request relief (dismissal and severance) on which the Undersigned may enter only a report and recommendations. The Undersigned notes, however, that to the extent those other two motions request an order quashing the subpoena or a protective order and are not already moot, the Undersigned will recommend that the District Court deny those requests for the reasons discussed in this order.

4

Second, Federal Rule of Civil Procedure 26(c) provides, in pertinent part, that:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense

Because the moving party has the burden to show a particular need for protection under Rule 26(c), *Pensacola Firefighters' Relief Pension Fund Board of Trustees v. Merrill Lynch, Pierce, Fenner, & Smith*, No. 3:09cv53/MCR/MD, 2011 WL 3512180, at *2 (N.D. Fla. July 7, 2011), "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008).

### b. THE *AF HOLDINGS* CASE

The challenge to the third party subpoenas in this case is similar to the one addressed by a sister court in *AF Holdings, LLC v. Does 1-162*, No. 11-23036-civ, 2012 WL 488217 (S.D. Fla. Feb. 14, 2012). In fact, the same law firm and lawyers who represented the plaintiff in that case represent the Plaintiff in this case. Other than the title of the adult video involved (i.e., the one in *AF Holdings* is "Sexual Obsession") and the number of John Doe defendants (162), the situation is virtually identical. The Undersigned finds that the reasoning and analysis of *AF Holdings* is logical, sound and compelling. The Court therefore

**ADOPTS** the relevant holdings in that case and **DENIES** Doe #32's motion to quash/for a protective order.

### i. JURISDICTION

The *AF Holdings* court first addressed the threshold issue of whether Rule 45 authorizes a federal court to quash a subpoena issued by another district court. Noting that the rule permits only "the issuing court" to quash or modify a subpoena, the *AF Holdings* Court held that it, a Florida district court, lacked authority to quash a subpoena issued from an Illinois district court. Many other courts agree with this text-based conclusion. *E.g.*, *Chick-Fil-A v. ExxonMobil Corp.*, No. 08-61422-CIV, 2009 WL 2242392, at *1 (S.D. Fla. June 24, 2009); *Howard v. Hartford Life & Accident Ins. Co*, No. 3:10–cv–192–J–34TEM, 2011 WL 2533800, at *8 (M.D. Fla. June 27, 2011).

The Court concludes that it similarly lacks jurisdiction to quash subpoenas issued by a federal court in Illinois and therefore **DENIES** Doe #32's motion to the extent he requests an order quashing the subpoena.

### ii. STANDING

Next, the *AF Holdings* court analyzed whether the movant in that case had standing to challenge a subpoena directed to an ISP. That court concluded the John Doe movant lacked standing to challenge the subpoena because it was issued to the ISP, Verizon, not to the John Doe himself. The *AF Holdings* Court recognized that, although the general rule is that a party may not seek to quash or modify a subpoena on behalf of the non-party to which it was issued, there are exceptions. But it found that the only theoretically available exception -- when

the subpoena requires "disclosure of privileged or other protected matter" -- did not assist the Doe movant for several reasons.

First, the Court noted that the privacy or free speech interests of John Doe defendants are "minimal" in "cases of this kind." *AF Holdings*, 2012 WL 488217, at *3. This is because "individuals who use the Internet to download or distribute copyrighted works are engaged in only a limited exercise of speech and the First Amendment does not necessarily protect such persons' identities from disclosure." *Id.* (citing *Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 349-54 (D.D.C. 2011); *London-Sire Records, Inc. v. Doe I*, 542 F. Supp. 2d, 153, 179 (D. Mass. 2008); *Liberty Media Holdings v. Swarm Sharing Hash File*, No. 11–10802–WGY, 2011 WL 5161453, at *6 (D. Mass. Oct. 31, 2011) (noting that mere economic harm and embarrassment do not overcome the public interest in full disclosure)).

Focusing on the alleged privacy interest at stake, the *AF Holdings* court rejected the Doe movant's argument and branded it as unpersuasive because that John Doe (like the John Does here) freely provided the information to the ISP. The court emphasized that "internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already provided to their Internet Service Providers." *AF Holdings*, 2012 WL 488217, at *4 (internal quotation marks and brackets omitted). Once again, the *AF Holdings* court cited ample authority in support of this conclusion. *See, e.g.*, *First Time Videos, LLC v. Does 1-18*, No. 4:11–cv–69–SEB–WGH, 2011 WL 4079177, at *1 (S.D. Ind.

Sept. 13, 2011); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 249 (N.D. Ill. 2011).

In fact, the *AF Holdings* Court found that individuals have no protected privacy interests in their names, addresses, phone numbers, email addresses or Media Access Control addresses when copyright infringement is alleged. 2012 WL 488217, at *4. This result flows from the reality that, whatever privacy interest a John Doe Defendant may have in his/her contact information, it "is overcome by the Plaintiff's need to identify and pursue litigation against purported infringers." *Id.* (citing *Arista Records, LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008)).

The *AF Holdings* court also rejected the same type of extortion arguments raised in this case. In doing so, that court relied on the *Liberty Media Holdings* case for the notion that "the potential embarrassment or social stigma that [the Doe Defendants] may face once their identities are released in connection with this lawsuit is not grounds for allowing them to proceed anonymously." 2011 WL 5161453, at *7. In a final but related point, the *AF Holdings* Court noted that the Federal Rules of Civil Procedure and the Local Rules generally require a litigant to identify himself in order to protect the public's right of access to judicial records and information about cases. 2012 WL 488217, at *5. That court therefore concluded it was inappropriate for the movant to hurl personal attacks about extortion "from behind a shroud of anonymity." *Id.*

Applying these standards, the Undersigned concludes that Doe #32 lacks standing to challenge the subpoena requesting information about his IP address

under Rule 26(c). The Court therefore also **DENIES** Doe #32's motion to the extent he requests that the Court enter a protective order.

### III. CONCLUSION

The Court **DENIES** Doe #32's amended motion to quash and/or for a protective order [ECF 26].[2]

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 1st day of May, 2012.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham

All counsel of record

---

[2] Doe #32 briefly comments in a footnote to his motion that "[t]here is significant doubt that Plaintiff has sufficiently stated a claim for relief" but does not discuss this argument in any detail. [ECF No. 26, p. 6 n.5]. The Court will therefore not address this point further.

9