UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-23035-GRAHAM/GOODMAN

BOY RACER, INC.,

    Plaintiff,

v.

JOHN DOES 1-34,

    Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

This matter is before the Undersigned by referral from the District Court of Plaintiff's Motion for Sanctions Under the Inherent Powers of this Court. [ECF No. 36]. The motion concerns a notice of filing submitted by John Doe #32. [ECF No. 32]. In the notice of filing, Doe's counsel attached a declaration filed in another case by a representative of Plaintiff's law firm. The notice includes a succinct one-paragraph description of the declaration (with exhibits), and it is this brief description which is at issue in the sanctions motion. Specifically, Plaintiff contends that one sentence in the three-sentence notice is inaccurate.

As described below, the Court **STRIKES** this sentence, but **DENIES** Plaintiff's request for sanctions.

John Doe #32 previously filed a motion challenging a subpoena that Plaintiff issued to an internet service provider seeking subscriber information. In support of that motion, John Doe #32 filed a notice representing that "Prenda Law has affirmatively admitted that it has not ever served a single defendant in any of the 118 pending copyright infringement lawsuits it has filed across the

United States." [ECF No. 32]. Plaintiff requests that the Court sanction John Doe #32 and strike the notice because John Doe #32 filed it in a bad faith attempt to mislead the Court into believing that Prenda Law has **never** served an alleged copyright infringer. In support, Plaintiff identifies copyright infringement cases in which it claims Prenda Law served a defendant.

John Doe #32 contends that his notice accurately describes the contents of the February 24, 2012 declaration made by Prenda Law's records custodian and responds that Plaintiff has not identified any specific false statement in the notice warranting sanctions. [ECF No. 41]. He also argues that the following facts support the conclusion he acted in good faith in making the statement: (1) he attached a copy of the declaration to his motion, thereby ensuring the Court could examine the source material for itself; and (2) the statement relates to one of the theories he advanced in opposition to the subpoena.

The records custodian made the declaration in response to an order in an unrelated case from a California district court to provide, in pertinent part, a "list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed by Plaintiff's counsel's law firm or predecessor firm in federal court. . . . For each case, indicate how many Doe Defendants were actually served." [ECF No. 32-2, p. 1]. The custodian responded that "[a]lthough our records indicate that we have filed suits against individual copyright infringement defendants, our records indicate that no defendants have been served in the below listed [118] cases." [ECF Nos. 41; 32-1, p. 5].

After reviewing the notice and the declaration, the Undersigned concludes that John Doe #32's notice is potentially misleading in one way and **STRIKES** the following sentence from the notice: "Prenda Law has affirmatively admitted that it

has not ever served a single defendant in any of the 118 pending copyright infringement lawsuits it has filed across the United States." This sentence suggests that Prenda Law has filed only 118 copyright cases *ever*, has never served a defendant in any of those cases, and therefore has never served a copyright defendant. But this sentence is based on the declaration, which was made in response to a request for information only about cases "involving multiple joined John Doe Defendants," not all copyright cases Prenda Law has ever filed or currently has pending. Therefore, for instance, the records custodian presumably was not required to list on his declaration the single defendant *Achte/Neunte Boll Kino Beteiligungs GMBH v. Michael Famula* case, **a case in which Prenda Law served the defendant.**

The Undersigned nonetheless **DENIES** Plaintiff's request for sanctions because there is no evidence that John Doe #32 or his counsel acted in bad faith. While this particular sentence might, upon careful review, be deemed to have slightly mischaracterized the declaration, there is nothing to suggest that it was in bad faith. Moreover, any such finding would be belied by the fact that John Doe #32 attached the complete declaration for the Court's own review. The Court also notes that the declaration was clearly relevant to arguments Doe made in his motion challenging the subpoena. [*See* ECF No. 26].

The apparent purpose of the notice of filing was to demonstrate Prenda Law's persistent failure to name or to serve individual defendants. It is clear that the law firm did not serve a defendant in any of the 118 multiple defendant lawsuits listed in the declaration. Given the dynamics of this case, however, Doe #32 may not have realized that the Plaintiff's law firm had served a defendant in a *single* defendant copyright infringement lawsuit not included in the 118 *multiple*

defendant cases listed in the declaration. But this is an innocuous oversight. A sanctions award based on this statement would be the equivalent of imposing a significant jail sentence on a driver who left his car for five minutes after a parking meter expired because he miscalculated the number of minutes for which he paid.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 4th day of May, 2012.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Donald L. Graham
All counsel of record